# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHELE PARTL-BROWN,      )
                                      )
        *Plaintiff*,         )
                                        )
        v.                   )        Civil Action No. 26-2245 (UNA)
                                        )
DCFS AGENCY OF COLLINSVILLE, IL,  )
                                        )
        *Defendant*.      )

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), and *pro se* Complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint and this civil action without prejudice.

Although Plaintiff's complaint is not entirely clear, it appears from the complaint and accompanying exhibits that, until recently, Plaintiff's daughter and grandchildren lived with her and her husband in Collinsville, Illinois. Following an investigation conducted by the Illinois Department of Children and Family Services, however, the grandchildren were removed from the home and placed with their father. It further appears that there are ongoing proceedings in an Illinois family court. Although the complaint does not demand any particular relief, the Court presumes that Plaintiff seeks the return of her grandchildren to her home and to her daughter's custody.

"Family relations are a traditional area of state concern," *Moore v. Sims*, 442 U.S. 415, 435 (1979), and, as result, the federal courts have "customarily declined to interview in the realm of domestic relations," *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004). Consistent with that principle, "[f]ederal courts long ago carved out a 'domestic relations

exception' to the normal exercise of diversity jurisdiction." *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (citations omitted); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). A similar principle limits the courts' federal question jurisdiction, although "rare instances" might "arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue." *Newdow*, 524 U.S. at 13. But even in cases that might otherwise fall within the courts' federal question jurisdiction, it is generally "appropriate for federal courts to leave delicate issues of domestic relations to the state courts." *Id.*

Here, the gravamen of Plaintiff's complaint appears to challenge a child custody decree, which lies at the heart of the field reserved for the states, *id.* at 12. To be sure, Plaintiff's complaint invokes the due process clause and, thus, arguably raises a federal question. But a general complaint that a state court or state agency failed to provide a parent—or grandparent—a fair decision in a child custody dispute is not, standing alone, sufficient basis to overcome the domestic relations exception. That is particularly true in this case, which offers little or no explanation for how the state violated Plaintiff's—or her daughter's—right to procedural due process. Without far greater explanation, the Court cannot conclude that Plaintiff's due process claim "transcends" and stands "apart from" what appears to be a state-law child custody dispute.

Although this provides sufficient basis to dismiss the pending complaint, the Court pauses to note that the complaint is deficient in multiple other respects. First, insofar as Plaintiff asks this Court to review, revise, or overturn any ruling of the Illinois court, this Court lacks jurisdiction to do so. *See, e.g.*, *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553

(D.D.C. 1986)).  Second, even putting these jurisdictional defects to the side, the complaint is too vague and conclusory to state a cause of action, and it fails to offer sufficient basis for inferring that Plaintiff has standing to challenge the denial of child custody to her daughter.

The Court will, accordingly, DISMISS the complaint without prejudice.

An Order is issued separately.


DATE: July 13, 2026

RANDOLPH D. MOSS
United States District Judge